CHARLES .ROSS et al.

*v.*

AMELIA ROSS SPARKS et al.

[Submitted May 9th, 1912. Determined May 25th, 1912.]

1. Where the single issue presented in two successive suits between the same parties is the same, and both suits are heard and determined upon the same evidence, the determination of such issue reached in the earlier suit is considered conclusive in the later one.

2. Evidence touching a ceremonial marriage examined and *held*, sufficient to establish a valid marriage, whether the ordained minister who conducted the marriage ceremony was "stated" or not.

On bill for accounting. Final hearing on bill, answers, replications and proofs.

In this suit complainants seek an accounting as to a certain bequest of $6,000 made by the will of Samuel Ross to certain trustees, and also seek to have the bequest declared a lien on the real estate of which the said testator died seized. The present claim of complainants is made under the same clause of the will of Samuel Ross, which is the basis of litigation in *Sparks* v. *Ross*, the last report of which is contained in *79 N. J. Eq.* (*9 Buch.*) *99*, which decision has since been affirmed by the court of errors and appeals, for the reasons stated in the opinion filed in this court. In *Sparks* v. *Ross* the bill was filed by residuary devisees to quiet title to the real estate named in the clause of the will referred to; in the present suit the bill is filed for the recovery of the personal property referred to in the same clause of the same will. The present suit has been submitted on the testimony taken at the last trial of *Sparks* v. *Ross*, above referred to, except as to the testimony of Maria Prehl, whose depositions were again taken for use in this suit. It was also stipulated that the record in *Sparks* v. *Ross*, and the depositions of Maria Prehl, should be here received subject to all objections.

*Mr. John J. Crandall* and *Mr. Timothy J. Middleton,* for the complainants.

*Mr. Thomas E. French,* for the defendants.

LEAMING, V. C.

The record upon which this suit is submitted is essentially the same record which was before this court in *Sparks* v. *Ross, 79 N. J. Eq. (9 Buch.) 99,* which record has since been before the court of errors and appeals on an appeal from the decree entered in this court, the appeal having resulted in an affirmance of the decree.   In each suit the single issue presented is whether the persons who are complainants in this suit are children of Edmund Ross, born to him in lawful wedlock.   The conclusion reached in the former suit, both here and in the appellate court, was that the evidence did not justify an affirmative finding on that issue.   No new evidence having been presented, this court is now required to determine the same issue upon the same evidence. Under these conditions it is clearly unnecessary, if not, indeed, inappropriate, to here attempt an amplification of the views already expressed in *Sparks* v. *Ross, supra;* views adopted by the court of errors and appeals should be here considered conclusive.

Complainants' counsel now contends, however, with great earnestness, that Jacob Loundenslager, the minister of the gospel who performed the marriage ceremony between Edmund Ross and Maria Moose (now Maria Prehl), was not a "stated" minister of the gospel, and that the documentary evidence of that marriage, as well as certain other evidence relating to it, should be excluded, and urges that this aspect of his claim has at no time been directly passed upon.   As to the claim of counsel that this contention has not been heretofore considered he is clearly in error.   In *Sparks* v. *Ross, 75 N. J. Eq. (5 Buch.) 550,* Mr. Justice Swayze, in delivering the opinion of the court of errors and appeals, upon the same record now present touching the ceremonial marriage referred to, stated with reference to the same claim now made by counsel, as follows: "Some question was raised as to the proof of a ceremonial marriage to Maria Moose,

but in the view we take of the case, that question becomes comparatively unimportant, for we think the evidence is sufficient to establish a valid marriage between Edmund Ross and Maria Moose at that time, provided they were both then free and capable of contracting marriage." Counsel for complainants appears to persistently overlook the fact that even though it should be conceded that the clergyman who performed the marriage ceremony in question was not a "stated" minister and was not authorized by our statute to celebrate marriages, and that the marriage records should for that or any other reason be excluded, there yet remains the testimony of Maria to the effect that she and Edmund, in the home and in the presence of her parents, stood before the clergyman in question for the purpose of being married while the marriage ceremony was performed, and immediately thereafter lived together as husband and wife in the home of her parents. If this marriage ceremony occurred, as stated by Maria —and it cannot properly be doubted—Maria and Edmund thereby became husband and wife, if they were both at that time capable of contracting marriage, whether the ordained minister who conducted the marriage ceremony was "stated" or not. *Atlantic City Railroad Co.* v. *Goodin, 62 N. J. Law (33 Vr.) 394; Stevens* v. *Stevens, 56 N. J. Eq. (11 Dick.) 488.* The competency of this testimony cannot be doubted; Maria was one of the parties to the marriage contract concerning which she has testified. *Bish. M., D. & S.* §§ *1047, 1056.*

For the reasons stated in *Sparks* v. *Ross, supra,* I will advise a decree dismissing the bill.